ESTATEUNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>20 Madison Street, North Anson, ME 04958<br>REAL ESTATE<br>VACANT PROPERTY |
| **Stacey E. Hatch** | Mortgage:<br>February 23, 2007<br>Book 3820, Page 94<br>Somerset County Registry of Deeds |
| **Defendant**<br>**FRA-LYN CORP.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Stacey E. Hatch, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, in which the Defendant, Stacey E. Hatch, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3 is a National Association with its main place of business located at 111 Southwest Fifth Avenue Portland, OR 97204 and is therefore a citizen of Oregon. *BRT Management LLC v. Malden Storage LLC, 2023 WL 357390*, (1st Cir. May 22, 2023); and *1900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger* 2021 WL 864951.

5. The Court has Diversity Jurisdiction over the matter where, as here, the Plaintiff is a national banking association organized and operating under the National Bank Act (12 U.S.C. § 21, *et seq*) and subject to the regulation and supervision of the Comptroller of the Currency of the United States Department of the Treasury. National banking associations are deemed "citizens of the States in which they are respectively located." 28 U.S.C § 1348. A national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 318 (2006); *Mckenna v. Wells Fargo Bank, N.A.,* 693 F. 3d 207, 212 (1*st* Cir. 2012)

6. The Defendant, Stacey E. Hatch, is a resident of North Anson, County of Somerset and State of Maine.

7. The Party-in-Interest, Fra-Lyn Corp., is located at c/o David Carpenter, Esq., 50 Varney Ln., Brunswick, ME 04011.

## FACTS

8. On June 24, 2005, by virtue of a Warranty Deed from Beth R. Agren and Gary C. Agren, which is recorded in the Somerset County Registry of Deeds in **Book 3508, Page 112**, the property situated at 20 Madison Street, City/Town of North Anson, County of Somerset, and State of Maine, was conveyed to Stacey E. Hatch, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On February 23, 2007, Defendant, Stacey E. Hatch, executed and delivered to Home Funds Direct a certain Note under seal in the amount of $82,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on February 23, 2007, Defendant, Stacey E. Hatch, executed a

Mortgage Deed in favor of Mortgage Electronic Registration Systems as Nominee for Home Funds Direct, securing the property located at 20 Madison Street, North Anson, ME 04958 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3820**, **Page 94**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank National Association as Trustee for the Certificateholders Citigroup Mortgage loan Trust INC. Asset-Backed Pass-Through Certificates Series 2007-AHL3 by virtue of an Assignment of Mortgage dated May 21, 2012, and recorded in the Somerset County Registry of Deeds in **Book 4533**, **Page 87** (arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3 by virtue of a Quitclaim Assignment dated July 5, 2023 and recorded in the Somerset County Registry of Deeds in **Book 6039**, **Page 1**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3 by virtue of an Assignment of Mortgage dated November 13, 2023 and recorded in the Somerset County Registry of Deeds in **Book 6080**, **Page 55**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On October 7, 2013, the Defendant, Stacey E. Hatch, executed a Home Affordable Modification Agreement which adjusted the principal amount of the Note to $84,832.91 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On December 21, 2023, the Defendant, Stacey E. Hatch, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Stacey E. Hatch, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendant, Stacey E. Hatch, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of

Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. FRA-LYN CORP. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,205.20 dated October 26, 2007, and recorded in the Somerset County Registry of Deeds in **Book 3932**, **Page 78** and is in second position behind Plaintiff's Mortgage.

22. The total debt owed under the Note and Mortgage as of May 13, 2024 is One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $82,301.22 |
| Interest | $27,221.93 |
| Escrow/Impound Required | $49,527.30 |
| Late Fees | $571.80 |
| Loan Level Advance Balance | $15,792.92 |
| Interest on Advances | $12.75 |
| Grand Total | $175,427.92 |

23. Upon information and belief, the Defendant, Stacey E. Hatch, is not in possession of the subject property originally secured by the Mortgage; the property is vacant and therefore 14 M.R.S.A. § 6111 does NOT apply.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 20 Madison Street, North Anson, County of Somerset, and State of Maine. *See* Exhibit A.

26. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Stacey E. Hatch, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of May 13, 2024 is One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars.

30. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Stacey E. Hatch's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Stacey E. Hatch, on December 21, 2023, evidenced by the Certificate of Mailing (although 14 M.R.S.A. § 6111 does not apply to this action). *See* Exhibit H.

33. The Defendant, Stacey E. Hatch, is not in the Military as evidenced by the attached Exhibit I.

34. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On February 23, 2007, the Defendant, Stacey E. Hatch, executed under seal and delivered to Home Funds Direct a certain Note in the amount of $82,500.00. *See* Exhibit B.

37. The Defendant, Stacey E. Hatch, is in default for failure to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit H.

38. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Stacey E. Hatch.

39. The Defendant, Stacey E. Hatch, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant, Stacey E. Hatch's, breach is knowing, willful, and continuing.

41. The Defendant, Stacey E. Hatch's, breach has caused Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of May 13, 2024, if no payments are made, is One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars.

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

44. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendant, Stacey E. Hatch, entered into a written contract with Home Funds Direct who agreed to loan the amount of $82,500.00 to the Defendant. *See* Exhibit B.

47. As part of this contract and transaction, the Defendant, Stacey E. Hatch, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

48. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is the proper holder of the Note and successor-in-interest to Home Funds Direct, and has performed its obligations under the Note and Mortgage.

49. The Defendant, Stacey E. Hatch, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2016 payment and all subsequent payments. *See* Exhibit _.

50. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Stacey E. Hatch.

51. The Defendant, Stacey E. Hatch, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

52. The Defendant, Stacey E. Hatch, is indebted to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3 in the sum of One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars, for money lent by the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, to the Defendant.

53. Defendant, Stacey E. Hatch's, breach is knowing, willful, and continuing.

54. Defendant, Stacey E. Hatch's, breach has caused Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of May 13, 2024, if no payments are made, is One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92) Dollars.

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

57. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

58. The Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Home Funds Direct, predecessor-in-interest to U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, loaned the Defendant, Stacey E. Hatch, $82,500.00. *See* Exhibit B.

60. The Defendant, Stacey E. Hatch, has failed to repay the loan obligation.

61. As a result, the Defendant, Stacey E. Hatch, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3 as successor-in-interest to Home Funds Direct by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is entitled to relief.

63. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any Parties-In-Interest that appear in this action;

c) Grant possession to the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, upon the expiration of the period of redemption;

d) Find that the Defendant, Stacey E. Hatch, is in breach of the Note by failing to make payment due as of October 1, 2016, and all subsequent payments;

e) Find that the Defendant, Stacey E. Hatch, is in breach of the Mortgage by failing to make payment due as of October 1, 2016, and all subsequent payments;

f) Find that the Defendant, Stacey E. Hatch, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Stacey E. Hatch, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2016 and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Stacey E. Hatch has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, to restitution;

k) Find that the Defendant, Stacey E. Hatch, is liable to the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, for money had and received;

l) Find that the Defendant, Stacey E. Hatch, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Stacey E. Hatch, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, is entitled to restitution for this benefit from the Defendant, Stacey E. Hatch;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Stacey E. Hatch, and in favor of the Plaintiff, U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3, in the amount of One Hundred Seventy-Five Thousand Four Hundred Twenty-Seven and 92/100 ($175,427.92 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, in trust for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2007-AHL3,
By its attorneys,

Dated: May 10, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670